UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| RICHARDO PADILLA, | Civil Action No. 17-5990 (JLL) |
|---|---|
| Plaintiff, | |
| v. | OPINION |
| DANIEL J. WELSH, ESQ., | |
| Defendant. | |

**LINARES**, Chief District Judge:

Currently before the Court is the complaint of Plaintiff, Richardo Padilla. (ECF No. 1). Also before this Court is Plaintiff's application to proceed *in forma pauperis*. (Document 2 attached to ECF No. 1). Based on Plaintiff's application, it is clear that leave to proceed *in forma pauperis* is warranted in this matter, and therefore this Court will grant Plaintiff's application to proceed *in forma pauperis*. Because this Court is granting that application, however, this Court is required to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must dismiss Plaintiff's claims if they are frivolous, are malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss the complaint in its entirety.

## I. BACKGROUND

Plaintiff, Richardo Padilla, is a convicted state prisoner currently confined in South Woods State Prison. (ECF No. 1 at 2-3). In his current complaint, Plaintiff seeks to raise claims against his former defense counsel, Daniel J. Welsh, whom Plaintiff hired to represent him on direct appeal from his underlying criminal conviction. (Document 1 attached to ECF No. 1 at 1-7). In essence,

1

Plaintiff asserts that Welsh failed to file Plaintiff's criminal appeal, forged a retainer agreement, and otherwise stood in Plaintiff's way as Plaintiff sought to file his direct appeal and post-conviction relief petition attacking his criminal conviction. (*Id.*). Plaintiff now seeks to bring suit against Welsh in this Court pursuant to 42 U.S.C. § 1983 for violating Plaintiff's right to effective counsel and appeal. (*Id.*). Plaintiff also seeks to raise several pendent state law claims against Welsh including legal malpractice, theft by deception, fraud, and forgery. (ECF No. 1 at 7).

## II. DISCUSSION

### A. Legal Standard

Pursuant to the Prison Litigation Reform Act ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d

203, 210 (3d Cir. 2009) (citation omitted).[1] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Analysis**

Plaintiff, in his complaint, seeks to raise claims against his former criminal appellate attorney for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)). Here, Plaintiff appears to be asserting claims against his former criminal

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

defense attorney for violations of his right to counsel during his criminal appeal, as well as pendent state law claims for, *inter alia*, legal malpractice against the same attorney.

The sole federal claim raised in Plaintiff's complaint is a § 1983 claim in which he asserts that his former private criminal appellate counsel failed to file an appeal pursuant to their contractual agreement and thus denied Plaintiff the effective assistance of counsel. A private defense attorney, however, is not a proper defendant in a § 1983 matter, as defense counsel do "not act under color of state law when performing a lawyer's traditional functions." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981). Indeed, even "public defenders and court-appointed counsel acting within the scope of their professional duties are absolutely immune from civil liability under § 1983" for this same reason. *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014) (quoting *Black v. Bayer*, 672 F.2d 309, 320 (3d Cir. 1982), *abrogated on other grounds by D.R. v. Middle Bucks Area Voc. Tech. Sch.*, 972 F.2d 1364, 1368 n. 7 (3d Cir. 1992)). Because the sole Defendant named by Plaintiff is a private criminal attorney who represented Plaintiff on appeal, Defendant is not a proper § 1983 defendant, and is in any event entitled to immunity under § 1983 for the actions he took in his capacity as Plaintiff's criminal appellate attorney. As such, Plaintiff's sole federal claim must be dismissed with prejudice for failure to state a claim for which relief must be granted in so much as the sole named Defendant is not a proper defendant and is immune from suit under § 1983.[2]

Although Plaintiff's sole federal claim is being dismissed with prejudice, Plaintiff also raises several state law claims against Defendant – including claims for legal malpractice, fraud, forgery, and theft by deception. Because this Court has dismissed the sole claim Plaintiff has

---

[2] Because Defendant's immunity to suit under § 1983 is dispositive of Plaintiff's sole federal claim, this Court need not and does not address whether Plaintiff's claims are barred by the doctrine announced in *Heck v. Humphries*, 512 U.S. 477 (1994).

4

raised over which this Court had original jurisdiction, the Court will decline to exercise supplemental jurisdiction over Plaintiff's pendent state law claims. *See* 28 U.S.C. § 1367(c)(3). To the extent Plaintiff's state law claims have merit, he must pursue them in state court. Plaintiff's complaint shall therefore be dismissed in its entirety.

### III. CONCLUSION

For the reasons stated above, this Court will grant Plaintiff's application to proceed *in forma pauperis* (Document 2 attached to ECF No. 1), but will dismiss Plaintiff's complaint (ECF No. 1) in its entirety. An appropriate order follows.

JOSE L. LINARES,
Chief Judge, United States District Court

Dated: August 18, 2017